**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000027
29-MAR-2017
08:36 AM**

NO. CAAP-16-0000027

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ERIC DOTTERER, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DTA-15-01167)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Ginoza, J.,
with Fujise, J., dissenting)

Defendant-Appellant Eric Dotterer (Dotterer) appeals from the Judgment entered by the District Court of the Second Circuit (District Court) on December 17, 2015. On appeal, Dotterer argues that the District Court erred in denying his motion to withdraw his no contest plea.[1] We agree with Dotterer, vacate the Judgment, and remand for further proceedings.

I.

On September 27, 2015, Dotterer was arrested for driving under the influence of an intoxicant (OVUII). Plaintiff-Appellee State of Hawai'i (State) filed a complaint charging

---

[1] The Honorable Blaine J. Kobayashi presided over Dotterer's entry of his no contest plea and ruled on his motion to withdraw his no contest plea.

Dotterer with OVUII, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or HRS § 291E-61(a)(4) (Supp. 2016).[2] On the day after his arrest, Dotterer appeared in District Court and entered a plea of no contest to the OVUII charge.

On November 5, 2015, prior to sentencing, Dotterer orally moved to withdraw his no contest plea because the defense "just got discovery yesterday." The District Court continued the case to permit Dotterer to file a written motion.[3] In support of Dotterer's written motion, Dotterer's counsel filed a declaration which asserted that discovery materials not available to Dotterer when he pleaded no contest revealed, among other things, that Dotterer was arrested after colliding with a horse in the middle of Hana Highway; that it was dark and raining very heavily; that as a result of the collision, Dotterer was "seriously injured," complained of pain to his legs and arms, and believed he may have swallowed glass from his shattered windshield and that glass shards may have contacted his eyes; and that field sobriety tests were administered to him while he had a bleeding eye, had "glass [s]hards in his insides," and was recovering from a traumatic collision with a horse. Defense counsel's declaration stated that the discovery materials also revealed that an analysis of Dotterer's blood draw showed that

---

[2] HRS § 291E-61(a) provides in relevant part:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]

. . .

(4) With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

[3] The Honorable Douglas J. Sameshima presided over the November 5, 2015, hearing.

his blood alcohol content was 0.070 grams per 100 milliliters of blood -- below the legal limit. Defense counsel noted that Dotterer's no contest plea was taken directly following the traumatic accident in which he was injured and while he remained in custody, and defense counsel asked the District Court "to consider the exceptional circumstances in the events leading up to [Dotterer] entering the 'no contest' plea, as a basis for allowing the withdrawal of his plea."

## II.

A defendant who seeks to withdraw a plea of no contest after sentence is imposed must make a showing of "manifest necessity" in order to obtain relief. State v. Nguyen, 81 Hawai'i 279, 286, 916 P.2d 689, 697 (1996). However, if (as in this case) the defendant moves to withdraw the plea before sentencing, a more liberal standard applies. The court should grant a motion to withdraw a no contest or guilty plea before sentencing if the defendant can show: (1) a fair and just reason for the request; and (2) the prosecution has not relied upon the plea to its substantial prejudice. Id.

There are two fundamental bases for showing a "fair and just reason" for withdrawing a plea: (1) the defendant's plea was not entered knowingly, intelligently, or voluntarily; or (2) changed circumstances or new information justify withdrawal of the plea. State v. Gomes, 79 Hawai'i 32, 37, 897 P.2d 959, 964 (1995). With respect to the second basis,

> a defendant is entitled to withdraw his or her *nolo contendere* plea before imposition of sentence where: (1) the defendant has never expressly admitted guilt; (2) the defendant advances a claim of new information or changed circumstances with factual support that, if believed by a reasonable juror, would exculpate the defendant; (3) there has been no undue delay in moving to withdraw the plea; and (4) the prosecution has not otherwise met its burden of establishing that it relied on the plea to its substantial prejudice.

Id. at 39, 897 P.2d at 966.

## III.

Here, it is undisputed that after pleading no contest, Dotterer and his counsel received new information regarding his

3

blood analysis that showed that Dotterer's blood alcohol content was below the legal limit. This evidence provided a complete defense to the HRS § 291E-61(a)(4) portion of the OVUII charge and also provided evidence of an exculpatory nature with respect to the HRS § 291E-61(a)(1) portion of the charge. This evidence, if available, would have been material and significant to Dotterer's decision regarding whether to enter a no contest plea. The post-plea discovery relating to the injuries sustained by Dotterer and his complaints to the arresting officer also provided evidence that could have served to support a defense to the HRS § 291E-61(a)(1) portion of the charge. The State does not contend on appeal that it would have been substantially prejudiced if the District Court had permitted Dotterer to withdraw his plea. In addition, Dotterer did not expressly admit guilt, and he expeditiously moved to withdraw his no contest plea after receiving the post-plea discovery material. Under these circumstances, we conclude that Dotterer presented fair and just reasons for the withdrawal of his no contest plea and that the District Court abused its discretion in denying Dotterer's motion to withdraw the plea.

      We disagree with the State's contention that Dotterer waived his claim that the new exculpatory evidence in the post-plea discovery justified the withdrawal of his plea. Although Dotterer's primary argument was that his plea was not entered knowingly, intelligently, or voluntarily, the pleadings filed in connection with Dotterer's motion to withdraw his plea provided the District Court with sufficient notice that Dotterer was also relying on his receipt of the new discovery information. Indeed, the District Court noted that based on its review of Dotterer's motion, "one of the main reasons" why Dotterer wanted to withdraw his plea was the information received by his counsel after he entered his plea.

4

IV.

Based on the foregoing, we vacate the District Court's Judgment, and we remand the case for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawai'i, March 29, 2017.

On the briefs:

Charles M. Cryan
Deputy Public Defender
for Defendant-Appellant.

*Craig H. Nakamura*

Chief Judge

Artemio C. Baxa
Special Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee.

Associate Judge

5